# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKAL BRUSAMTONE MAKFARSAN,<br><br>              Plaintiff,<br><br>       v.<br><br>MORALES, *et al.*,<br><br>              Defendants. | Case No.  1:26-cv-03086-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE<br><br>(ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Background**

Plaintiff Makal Brusamtone Makfarsan, also known as Michael McPherson, is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff initiated this action on April 23, 2026.  (ECF No. 1.)

On April 27, 2026, the Court struck Plaintiff's unsigned complaint and directed him to file a signed complaint within 30 days.  (ECF No. 7.)  Plaintiff was warned that failure to comply with the Court's order would result in dismissal of the action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.*)  Plaintiff's signed complaint was due on June 1, 2026.  However, on May 11, 2026, the Court's April 27, 2026 order was returned as "Undeliverable, RTS."  (*See* Docket.)  Plaintiff's notice of change of address, if any, was therefore due on June 10, 2026.  Plaintiff has not filed a notice of change of address or a signed

1

complaint, and the Court will recommend dismissal of this action based on Plaintiff's failure to prosecute.

## II.    Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

As noted, Plaintiff's updated address was due no later than June 10, 2026.  Plaintiff has failed to file a change of address, and he has not filed a signed complaint.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to update his address or file a signed complaint, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *In re PPA*, 460 F.3d at 1227.  More importantly, given the Court's apparent inability to communicate with Plaintiff in this action, there are no other reasonable alternatives available to

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III.    Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 16, 2026**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE