**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MAKAL BRUSAMTONE MAKFARSAN,

          Plaintiff,

      v.

MORALES, *et al.*,

          Defendants.

No.  1:26-cv-03086 JLT BAM (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION

(Doc. 10)

Makal Brusamtone Makfarsan, also known as Michael McPherson, brings this civil action asserting his sovereignty and seeking discharge from custody.  (Doc. 1.)  On April 27, 2026, the magistrate judge struck Plaintiff's complaint for lack of signature and directed him to file a signed complaint within 30 days.  (Doc. 7.) The Court warned him that failure to comply with the Court's order would result in dismissal of the action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.*)  Plaintiff's signed complaint was due on June 1, 2026.  However, the Court's order was returned as "Undeliverable, RTS" on May 11, 2026.

After Plaintiff failed to file a notice of change of address or otherwise communicate with the Court, the magistrate judge found that Plaintiff failed to comply with the requirement of the Local Rule and failed to file a proper complaint.  (Doc. 8.)  Therefore, the magistrate judge recommended that the action be dismissed.  (*Id.*)

On July 6, 2026, Plaintiff filed timely objections.  (Doc. 11.)  He does not dispute the

1

finding that he failed to file a signed complaint, as required by the Federal Rules of Civil Procedure and this Court's Local Rules.  Instead, Plaintiff asserts that the magistrate judge lacked authority to review his complaint for a signature because he did not consent to magistrate judge jurisdiction.  (Doc. 11 at 1.)  Plaintiff contends only the district judge has any authority to act in this matter.  (*Id.*; *see also id.* at 1-4.)

Consent was not required for the magistrate judge to perform a preliminary review of the complaint, contrary to Plaintiff's arguments.  A magistrate judge has authority "to hear and determine any pretrial matter pending before the court" except motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."  28 U.S.C. § 636(b)(1).  Even with dispositive matters, a magistrate judge may "submit to a judge of the court proposed findings of fact and recommendations" to the district judge.  *Id.*, § 636(b)(1)(B).  Thus, the magistrate judge did not act beyond the scope of her authority by either reviewing the complaint for a signature or by issuing the pending Findings and Recommendations.  *See id.*; *see also Gallegos v. Cal. Dep't of Corr. & Rehab.,* 2023 WL 3168360, at *1 (E.D. Cal. Apr. 28, 2023) ("plaintiff's purported 'declination' to magistrate judge jurisdiction has no impact on the assigned magistrate judge's authority to issue findings and recommendations").

Moreover, review of the complaint reveals the allegations are subject to dismissal as frivolous.  Plaintiff asserts that he is both God and the government, and he seeks to establish his "sovereign authority."  (Doc. 1 at 3.)  Such claims and ideology have been soundly rejected by courts as frivolous.  *See, e.g., United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (rejecting arguments premised on sovereign citizen ideology as "utterly meritless"); *U.S. v. Ward*, 182 F.3d 930, at *2 (9th Cir. 1999) (noting that assertions based on sovereign citizen arguments are "frivolous" and "courts ordinarily reject similar contentions without extended argument") (collecting cases); *see also U.S. v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (discussing sovereign citizen allegations as "frivolous, irrational, or unintelligible," and recommending that

they be "rejected summarily, however they are presented"). Consequently, Plaintiff's claims based on this frivolous legal theory are subject to dismissal.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis. It is undisputed that Plaintiff did not file a signed complaint, as required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a). Furthermore, even if the complaint was signed, the allegations raised are subject to dismissal as frivolous. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on June 16, 2026 (Doc. 10) are **ADOPTED** in full.

2. The action is **DISMISSED** without prejudice.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __July 8, 2026__

UNITED STATES DISTRICT JUDGE